Luckert, J.,
dissenting: I respectfully dissent from the majority’s conclusion that the trial court did not err in instructing the jury it could consider evidence of prior “bad acts” as proof of a continuing course of conduct.” This instruction essentially said, “If you believe William Barber, Jr., shook Autumn in the past, you can find him guilty of doing so on February 7, 2008.”
*387 In essence, the court instructed the jury to consider the veiy material fact that K.S.A. 2010 Supp. 60-455 prohibits—i.e., a propensity or disposition to commit the crime that is inferred from the prior commission of the “bad acts.” K.S.A. 2010 Supp. 60-455 attempts to guard against jurors drawing prejudicial inferences from the admission of evidence establishing that tire defendant committed a crime or civil wrong that is not the subject of the trial. Jurors who learn that a defendant has previously committed a crime may—indeed, are likely to—draw a negative inference about the defendant’s character. K.S.A. 2010 Supp. 60-455 seeks to prevent tire jury from drawing a more troubling, but related, inference—that the defendant acted in conformity with that bad character to commit the charged crime. To prevent this second inference, the rule excludes evidence of other crimes or civil wrongs when offered for the sole purpose of proving the defendant’s propensity or disposition to commit the charged crime. See State v. Breeden, 297 Kan. 567, 577, 304 P.3d 660 (2013) (K.S.A. 2010 Supp. 60-455[a] apphes to situations involving “ ‘evidence that a person committed a crime or civil wrong on a specified occasion’ ” to infer a person has the disposition or a propensity to “ ‘commit! ] another crime or civil wrong on another specified occasion.’ ”); State v. Jones, 277 Kan. 413, 424, 85 P.3d 1226 (2004) (“ ‘[Ajdmission of prior wrongful acts simply to show the defendant’s bad character, notwithstanding that one possessed of a bad character is more likely to commit a crime than one who is not, is likely to prejudice the juiy and blind it to the real issue of whether the defendant is guilty of the crime charged.’ ”).
At the same time, the rule recognizes that evidence can be inadmissible for one purpose but admissible for another. If admissible for one purpose, to guard against prejudice flowing from the inadmissible purpose, the trial court must instruct the juiy that it may only consider the evidence for a designated limited purpose. The limiting-instruction safeguard is critical to accomplishing the purpose of K.S.A. 2010 Supp. 60-455(a). See State v. Inkelaar, 293 Kan. 414, 424, 264 P.3d 81 (2011); State v. Gunby, 282 Kan. 39, Syl. ¶ 3, 144 P.3d 647 (2006).
*388 In this case, the wording of the limiting instruction nullified the safeguard. If the jury instruction had only listed other material facts that may be considered—such as motive, plan, identity, or even a relationship between the parties—the jury would have been directed away from a propensity inference. But allowing the jury to consider prior bad acts to prove Barber continued a course of conduct—to prove he would act in conformity with the character he had previously displayed—instructs the juiy to draw the prohibited propensity inference. Thus, regardless of whether a reason existed to admit the evidence, instructing the jury to consider the evidence as proof of a course of conduct violated K.S.A. 2010 Supp. 60-455’s intent.
Therefore, I would find error. Further, I would find that the error requires us to reverse Barber’s convictions and remand this case for a new trial without a tainted instruction.
The prejudice that results from allowing the jury to consider Barber’s continuing course of conduct cannot be understated. See Jones, 277 Kan. at 424. Granted, several physicians testified there would be an almost immediate physical manifestation of the injuiy caused by shaking the baby, and the evidence established that Barber was the only one present when Autumn experienced seizures. Nevertheless, the vague and differing evidence about the length of time between the seizures and Karen leaving Autumn in Barber’s sole care creates a possibility the jury could have had a reasonable doubt about whether Barber or Karen was responsible for Autumn’s injuries. It is reasonably probable that the evidence of Barber’s prior conduct of shaking Autumn would have pushed the jury toward the conclusion it was Barber and not Karen who was responsible. See State v. Ward, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), cert. denied 132 S. Ct. 1594 (2012) (harmless error standard for violation of statute requires determination of whether there is a reasonable probability that the error affected the outcome of the trial in light of the entire record).
Further, instructing the jury it could consider the other crimes evidence to establish the relationship of the parties, even assuming that was permissible, does not cure the harm. At best it means the jury could consider the evidence for both a permissible and an *389 impermissible reason. And the impermissible reason is so toxic it corrupts the jury verdict. This toxicity distinguishes this case from other cases where we held an overly broad limiting instruction did not require reversal of a conviction. We have stated that such an overbroad instruction may be deemed harmless only “if the defendant was not prejudiced by the inclusion of more material facts than were warranted by the evidence in the case.” State v. Edwards, 291 Kan. 532, Syl. ¶ 11, 243 P.3d 683 (2010); see State v. Wilson, 295 Kan. 605, 620, 289 P.3d 1082 (2012) (examining whether erroneous jury instruction “caused jury confusion or other prejudice”). Here, the overly broad instruction allowed the jury to consider Barber s prior bad acts to be proof he would have continued his course of conduct and committed the charged crimes. As such, it was unduly prejudicial.
Consequently, I would reverse Barber’s convictions. Furthermore, I would hold that tire phrase “continuing course of conduct” can never be used in a K.S.A. 60-455 limiting instruction because doing so will always allow the jury to make an improper propensity inference.